UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASMINE KINNEY,<br><br>        Plaintiff,<br><br>   v.<br><br>TODD R. ERIKSON, TODD R. ERIKSON, P.A., BONNEVILLE BILLING & COLLECTION, BINGHAM MEMORIAL HOSPITAL, DJ MARC CARDINAL, M.D., MEDICAL IMAGING ASSOCIATION OF IDAHO FALLS,<br><br>        Defendants. | Case No. 4:11-cv-00471-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff Jasmine Kinney's "Motion to Amend[] Service of Summons and Amended Complaint" (Dkt. 19) and one Motion to Dismiss filed by each of the five named Defendants: Bonneville Billing & Collection (Dkt. 5), Todd Erikson (Dkt. 6), Medical Imaging Association of Idaho Falls (Dkt. 7), Bingham Memorial Hospital (Dkt. 8), and DJ Marc Cardinal (Dkt. 9). The Court, having considered the briefing and related materials in the record, and having determined that oral argument would not significantly aid its decision, now issues the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff Kinney brings this action against Defendants for alleged violations of the Fair Debt Collection Practices Act (FDCPA), stemming from Defendants' attempt to collect what she refers to as a "nonexistent debt". *Amd. Compl.* at 2-7, Dkt. 2. The record contains little in the way of factual background. However it appears that in June of 2011 Plaintiff was sued in Idaho state court by Defendant Bonneville Billing & Collections, through its attorney Todd Erikson (also named as a Defendant in this action). The suit was brought to recover sums allegedly owed to Defendants Bingham memorial Hospital, DJ Marc Cardinal, M.D., and Medical Imaging Associate of Idaho Falls, for "medical services" allegedly received by Plaintiff in 2009. The Amended Complaint alleges that on the 12th and 30th of August, 2011, "Defendants used false representation to collect or attempt to collect a debt" and "[falsely] asserted a right which [they] lack[] . . . the right to enforce a debt." *Amd. Compl.* at 4-7, Dkt. 2.

Plaintiff asserts that she has no contractual obligation to pay any Defendant. *Id.* Defendants seek dismissal under Rule 12(b)(6) for failure to state a claim for which relief may be granted, but also challenge the sufficiency of the process served upon them. The Court will address each argument below.

## ANALYSIS

**1.**     **Legal Standard for Rule 12(b)(6) Motions**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)(issued 2 months after *Iqbal*).[1] The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

---

[1] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. . .." Given *Twombly* and *Iqbal*'s rejection of the liberal pleading standards adopted by *Conley,* a question arises whether the liberal amendment policy of *Harris v Amgen* still exists. Nevertheless, the Circuit has continued to apply the liberal amendment policy even after dismissing claims for violating *Iqbal* and *Twombly*. *See Market Trading, Inc. v. AT&T Mobility, LLC*, 2010 WL 2836092 (9th Cir. July 20, 2010) (not for publication). Accordingly, the Court will continue to employ the liberal amendment policy.

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## 2. **Sufficiency of the Amended Complaint under FRCP 8**

Plaintiff's Amended Complaint alleges violations of 15 U.S.C. § 1692(e), (f), and (g), respectively, but it does not contain sufficient factual matter so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). The only facts recited in the Complaint are the identification of two dates on which some action was taken by one or more of the Defendants which allegedly violated the Plaintiff's rights in some unidentified way. The remainder of the Complaint consists of bare legal conclusions drawn from the language of § 1692. This does not satisfy the requirements of Rule 8 or *Twombly* and its progeny.

Accordingly, the Court will dismiss Plaintiffs' claims pursuant to Rule 12(b)(6). However, in accordance with the foregoing authorities, Plaintiff may amend her Complaint to supply the required additional facts. If she chooses to file an amended

complaint, the Court cautions plaintiff that she must assert more than bare conclusions to state her claims.

For example, the Ninth Circuit makes clear that in order to state a claim for violation of § 1692(e) or (f), a Plaintiff must demonstrate that an unsophisticated debtor would "likely be misled" by a communication from a debt collector. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (2007). "Debt collector" is a defined term under the FDCPA, and refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). Because the Act's civil liability provision, § 1692(k), premises liability upon the Defendant's status as a "debt collector," Plaintiffs seeking relief directly against their creditors must look elsewhere unless the creditor is also a "debt collector" under the above definition.

Based on the scant record before the Court, it appears that at least some of the defendants are not debt collectors. Therefore, because status as a debt collector is critical to her action, Plaintiff is cautioned that she should explain, in any forthcoming amended complaint, the grounds upon which she concludes that each defendant is a "debt collector" under the statutory definition. Moreover, if she chooses to amend her complaint and continue to assert § 1692(e) and (f) claims, she should describe the communications she believes were misleading , which Defendants were responsible for making the communications, and why they were misleading.

Additionally, 15 U.S.C. § 1692(g) requires debt collectors to include certain notices in their initial communications with debtors, and to cease collection of debts which are subsequently "disputed" by the debtor until the debt collector obtains verification of the debt. Disputed status attaches to a debt when the consumer "notifies the debt collector in writing within the thirty-day period described in [§ 1692(g)(a)] that the debt, or any portion thereof, is disputed" or when the consumer "requests the name and address of the original creditor." *Id.* Thus, in order to claim a violation of § 1692(g), a consumer must show that a debt collector either failed to timely supply the notices required by subsection (a), or continued its attempts to collect a disputed debt prior to obtaining verification of the debt and supplying such verification to the consumer, as required by subsection (b).

If Plaintiff chooses to continue to assert her § 1692(g) claim, she should indicate the approximate date upon which she disputed the debt, whether such dispute took place by mail, phone, fax, or some other method of communication, and to whom she communicated her dispute. She should state specifically which Defendant unlawfully resumed collections activities against her prior to providing the required validation, and state the approximate dates of such activities.

### 3. Sufficiency of Plaintiff's Service of Process

All Defendants also move for dismissal under Rule 4 and Rule 12(b)(5) of the Federal Rules of Civil Procedure, based upon insufficient service of process. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized*

MEMORANDUM DECISION AND ORDER — 7

*Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). However, Rule 4 is "liberally construed so long as a party receives sufficient notice of the complaint." *Id.* (internal quotation marks omitted). Actual notice of the suit by Defendants, while not sufficient by itself to cure defects in service, "may be a factor in finding process valid when there are other factors that make process fair." *Id.* Moreover, when serving a corporate defendant, "[d]espite the language of the Rule, service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process . . . . [S]ervice can be made upon a representative so integrated with the organization that he will know what to do with the papers." *Id.* "Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Id.*

Here, Plaintiff's service was technically defective because she failed to personally serve the individual defendants in accordance with Rule 4(e), and she failed to deliver process to the appropriate agent of the corporate defendants in accordance with Rule 4(h). However, it is undisputed that all Defendants received actual notice of the suit. Therefore, the Court will consider whether there are other factors which would make the process valid and fair.

Significantly, there appears to be no prejudice to any Defendant. Each received notice of the lawsuit, and each filed a motion to dismiss. Additionally, Plaintiff indicates that, based upon representations by counsel for three of the five defendants, she was under a belief that serving counsel was sufficient. This misunderstanding, coupled with Plaintiff's *pro* se status, suggests service upon counsel was fair. *See, e.g., Borzeka v.*

*Heckler*, 739 F.2d 444, 447 n. 2 (9th Cir. 1984) (directing the district court on remand to consider, among other factors, appellant's *pro se* status at the time defective service was made when determining whether the defects in service were excusable.) Finally, given the Court's decision to dismiss Plaintiff's Complaint under Rule 12(b)(6) with leave to amend, the Court finds that the earlier service of process is fair, reasonable and just. There is no just reason to subject Plaintiff to the added expense of re-serving a Complaint which will be summarily dismissed. Rule 4 is a notice-giving device, not a means of delaying litigation on the merits. *Direct Mail Specialists, Inc.*, 840 F.2d at 688 (stating that "[t]he rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice."). Accordingly, the Court will deny the motions with respect to the service of process argument.

## ORDER

**IT IS ORDERED:**

1. The individual motions to dismiss filed by each defendant – Bonneville Billing & Collection (Dkt. 5), Todd Erikson (Dkt. 6), Medical Imaging Association of Idaho Falls (Dkt. 7), Bingham Memorial Hospital (Dkt. 8), and DJ Marc Cardinal (Dkt. 9) – are **GRANTED IN PART AND DENIED IN PART**. They are granted to the extent they seek dismissal under Rule 12(b)(6) without prejudice. They are denied to the extent they seek dismissal under Rules 12(b)(2) and 12(b)(5) based on improper service of process. If Plaintiff decides to file an amended complaint, she must file it within 30 days of the date of this order.

2. Plaintiff's Motion to Amend Service (Dkt. 19) is **DEEMED MOOT**.



DATED: April 16, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court